IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALONSO TORRES YASMANY HASSAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-1234-SLP |
| | ) | |
| WILLIAM BARR, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, an immigration detainee in the custody of the federal government, brings this action under 28 U.S.C. § 2241 alleging United States Immigration and Customs Enforcement (ICE) officials are detaining him unlawfully. *See* ECF No.1:1. Appearing *pro se*,[1] he seeks immediate release from the Moore Detention Facility in Okmulgee, Oklahoma—an ICE detention facility located within the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). United States District Judge Scott L. Palk has referred this matter to the undersigned for initial proceedings in accordance with 28 U.S.C. § 636. As outlined herein, the undersigned recommends the Petition be **TRANSFERRED** to the United States District Court for the Eastern District of Oklahoma.

---

[1] The Court construes Plaintiff's *pro se* filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**I.      DISCUSSION.**

In his Petition filed December 7, 2020, Petitioner states Respondent William Barr is responsible for the administration of ICE and has "ultimate custodial authority over Petitioner." (ECF No. 1:2-3). He identifies Respondent Chad Wolf as the Secretary of the Department of Homeland Security and that he is "responsible for the administration of ICE" at the facility where Petitioner is now held. *Id.* He also identifies as his "immediate custodian" Respondent Daniel Biblia who he states is the "Office Director of the San Antonio Field Office of ICE." (ECF No. 1:4). Finally, he names "Respondent Warden of Okmulgee County Jail Detention" where he is "currently detained" as his "alternative[]" immediate custodian. *Id.* But "in habeas challenges to present physical confinement-core challenges-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (internal quotation marks omitted). Thus, the location of Petitioner's "immediate" custodian, which is the warden of the Moore Detention Facility, determines the proper forum for this action. *See id.* at 436 (holding "the immediate custodian rule" generally applies "to habeas petitions challenging physical custody").[2]

---

[2] That Petitioner is not a convicted prisoner is not relevant here. *See Padilla*, 542 U.S. at 439 ("We have never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent simply because the challenged physical custody does not arise out of a criminal conviction.").

2

Petitioner currently and at the time of this filing is housed at the Moore Detention Facility in Okmulgee, Oklahoma. Okmulgee, Oklahoma is in Okmulgee County, Oklahoma,[3] which lies within the jurisdiction of the United States District Court for the Eastern District of Oklahoma. *See id*. § 116(b).

Because Petitioner is not incarcerated within the jurisdictional confines of this Court, the interest of justice would be furthered by transferring the action to a court with jurisdiction over the matter. *See* 28 U.S.C. § 1631. In this case, the appropriate court is the United States District Court for the Eastern District of Oklahoma.

## II.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the undersigned's finding that this court lacks jurisdiction, it is recommended that this action be **TRANSFERRED** to the United States District Court for the Eastern District of Oklahoma.[4] Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **December 28, 2020**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation

---

[3] The undersigned judicially notices the location of Okmulgee. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

[4] Petitioner has neither paid the $5.00 filing fee nor applied to proceed *in forma pauperis*.

waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

### III.  STATUS OF THE REFERRAL

This Report and Recommendation **terminates** the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on December 11, 2020.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE